## Case No. 15,922.

### UNITED STATES v. ONE CASE.

[6 Ben. 493;[1] 17 Int. Rev. Rec. 181.]

District Court, S. D. New York. May, 1873.

INTERNAL REVENUE—IMITATION SPARKLING WINE MADE FROM DOMESTIC GRAPES.

The 48th section of the internal revenue act of July 20th, 1868 [15 Stat. 125], as amended by the 12th section of the act of June 6th, 1872 (17 Stat. 240), imposes a tax, to be collected by affixing a stamp on each bottle, "on all wines, &c., made in imitation of sparkling wine or champagne, but not made from grapes grown in the United States." An information was filed against certain wines, alleging that they were imitation sparkling wines, made "by the direct injection of carbonic acid gas, by a wholly mechanical process, into wines made from grapes grown in the United States, not in and as a part of the process of fermentation and manufacture of said last mentioned wines, but as a new and additional process of manufacture, by using such wines (the same being already the completely fermented juice of said grapes) with said carbonic acid gas injected therein as aforesaid, to make a new product known as and being an imitation sparkling wine or champagne." The claimant of the wine demurred to the information. Held, that the article was none the less free from tax, as being "made from grapes grown in the United States," notwithstanding the carbonic acid gas was injected by a separate process of manufacture.

Thomas Simons, Asst. U. S. Dist. Atty.
Edwards Pierrepont, for claimant.

BLATCHFORD, District Judge. This suit is brought by the United States against a case containing certain "bottles of imitation sparkling wine," seized as forfeited under the internal revenue laws. The information sets forth, "that the contents of the said bottles contained in the said case of imitation sparkling wine, were then and there wines, liquors or compounds, known or denominated as wine, and were made by a certain manufacturer of imitation sparkling wine or champagne, to wit, by J. N. Blum, at his manufactory of such wines in the city of New York, by the direct injection of carbonic acid gas, by a wholly me-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

chanical process, into wines made from grapes grown in the United States, not in and as a part of the process of fermentation and manufacture of said last mentioned wines, but as a new and additional process of manufacture, by using such wines (the same being already the completely fermented juice of said grapes), with said carbonic acid gas injected therein as aforesaid, to make a new product known as and being an imitation sparkling wine or champagne;" and "that the said wines, liquors or compounds, known or denominated as wine, and made in imitation of sparkling wine or champagne, as aforesaid, and found and seized as aforesaid, were subject then and there, and when made as aforesaid, to tax, by the statute of the United States in such case made and provided and, when found and seized as aforesaid, the same had been sold by the said manufacturer thereof, and had been removed from his said manufactory, without having on the said bottles containing the same any stamps affixed denoting the tax thereon, nor has any tax in any manner ever been paid on said wines, liquors or compounds, contrary to the form of the statute of the United States in such case provided, whereby, and by force of the statute of the United States in such case provided, the said contents of the said bottles, and the said bottles and case, became and are forfeited to the United States." The claimant demurs generally to the information.

The 48th section of the act of July 20th, 1868, as amended by the 12th section of the act of June 6th, 1872 (17 Stat. 240), imposes a tax, per bottle or package (to be collected by affixing a stamp on each bottle or package containing the article, by the person manufacturing it, before removal from the place of manufacture), "on all wines, liquors or compounds known or denominated as wine, and made in imitation of sparkling wine or champagne, but not made from grapes grown in the United States."

The information in this case states that the article seized is known or denominated as wine, and is made in imitation of sparkling wine or champagne. The information does not state that the article is not made from grapes grown in the United States. The tax is not imposed on an article made from grapes grown in the United States. The information aims to aver, argumentatively, that, inasmuch as the article was made in imitation of sparkling wine or champagne, "by the direct injection of carbonic acid gas, by a wholly mechanical process, into wines made from grapes grown in the United States not in and as a part of the process of fermentation and manufacture of said last mentioned wines, but as a new and additional process of manufacture, by using such wines (the same being already the completely fermented juice of said grapes), with said carbonic acid gas injected

therein as aforesaid, to make a new product known as, and being, an imitation sparkling wine or champagne," it was, therefore, not made from grapes grown in the United States. But, the information avers that grapes grown in the United States were made into wines, and that such wines were the completely fermented juice of said grapes, and that the wines so made were afterwards converted into an imitation of sparkling wine by the additional mechanical process of directly injecting carbonic acid gas into them. It further says that, by such process, the article seized was "made," and that such process was a process of "manufacture," and was used to "make" a new product, being the article in question, and that the article, when so made, is an imitation sparkling wine, and is "made" in imitation of sparkling wine. The information, therefore, substantially avers, that the article in question was made from grapes grown in the United States. If so made, it was not taxable.

It is urged, that the expression, in the statute, "made from grapes grown in the United States," means, made by the natural process of fermentation, and that the article is not, in the sense of the statute, "made in imitation of sparkling wine or champagne," "from grapes grown in the United States," if the carbonic acid gas is injected into the wine directly by mechanical means, instead of being created in the wine by the process of fermentation taking place therein. The word "made" occurs, in the clause in question, in two places. But there is no warrant for saying that that word can have a different meaning attached to it, where it occurs in the one place, from what it has where it occurs in the other. The tax is imposed, in terms, "on all wines, liquors or compounds, known and denominated as wine, and made in imitation of sparkling wine or champagne, but not made from grapes grown in the United States." When the article is put into such a condition as to imitate sparkling wine, it is spoken of as "made" and as "made in imitation." Whatever the process by which the imitation is produced, the article is not "made in imitation" until the process is finished. If, therefore, it is an article made from grapes grown in the United States, it cannot be any the less an article made from such grapes because the process of making it into an article in imitation of sparkling wine was performed upon it after it was in a condition to be already called an article made from grapes grown in the United States, though not yet in a condition to be called an imitation of sparkling wine. The word used in both instances is "made." I understand the information in this case to aver that the claimant took an article which was properly nothing but a wine made from grapes grown in the United States, and was not otherwise a liquor or

compound, and was a completely fermented juice of such grapes, and was nothing else, and that he did nothing to it but directly inject into it carbonic acid gas by a wholly mechanical process; and I cannot come to any other conclusion than that, within the words of the clause in question, the product, when made, by such process, to be an imitation of sparkling wine, must be regarded as made from grapes grown in the United States.

The section in question evinces a clear design to relieve from taxation certain articles made from grapes grown in the United States, and to impose a tax on certain articles not made from grapes grown in the United States. All that is intended now to be decided is, that the article described in the information, as above understood, is not taxable. The article is not understood to be a compound, otherwise than as it is a compound of a wine which is the completely fermented juice of the grape, with carbonic acid gas. What other compounds, known as wine, and made in imitation of sparkling wine, could be considered as made from grapes grown in the United States, and so not taxable, it will be sufficient to decide, as the cases arise.

There must be judgment for the claimant on the demurrer, with leave to the informants to amend their information.